THE MANAGERS OF THE NORTH RIVER MEADOW COMPANY v. THE REC-
TOR, WARDENS AND VESTRYMEN OF CHRIST CHURCH,
IN THE TOWN OF SHREWSBURY.

The plaintiff having been non-suited, on the ground, that an act of the Legislature,
was stated in the declaration as having been passed on the 20th of January 1820,
whereas the act offered in evidence, was passed on the 28th of that month; and
also on the ground that it was alleged that *James* Hubbard, with two others were
chosen commissioners, and made the assessment, whereas it appeared in evidence,
that *Samuel* Hubbard with the other two, were chosen and made the assessment,
this court set aside the non-suit, and permitted the plaintiff to amend his declara-
tion, in the date of the act, and in the name of the commissioner, on the payment
of costs.

This action was brought, under an act of the Legislature,
passed the 28th of January 1820, by which the plaintiffs were
incorporated, for the purpose of embanking and improving
certain meadows, &c. The declaration recites the act as passed
on the 20th, instead of the 28th of January, 1820—and names
*James* Hubbard as one of the commissioners by whom the
assessment was made, (for the recovery of which, this action
was brought)—whereas the name of the commissioner was
*Samuel* Hubbard and not *James* Hubbard.

On the trial, before Chief Justice Ewing, the plaintiffs were
non-suited, on the ground of the variance between the pleadings
and proofs above stated; and on the return of the *postea*, the
plaintiffs obtained a rule to shew cause, why the non-suit should
not be set aside, and the plaintiffs have leave to amend the
declaration, in both particulars.

*Southard*, in support of the rule.

*Wall* and *J. S. Green, contra.*

The Chief Justice delivered the opinion of the court.

HORNBLOWER, C. J. It was insisted by the counsel for the
plaintiffs, that the discrepancies between the declaration and the
proof, were nothing more than mere clerical errors, or mis-
prisions, and amendable, as a matter of course; that they ought
therefore to have been considered as amended, at the circuit;
or at least in furtherance of justice, the Judge ought to have
taken the verdict, leaving the party to move for an amendment
on the coming in of the *postea.*

But I think the Chief Justice did right in non-suiting the plaintiffs. These were not *clerical* mistakes, appearing to be such, on the face of the record. The record was not incongruous : it was perfect in itself, and might have been true, but it was not supported by the evidence. The plaintiffs were not non-suited for a *mistake*, either of the pleader, or his clerk ; but for a *variance* between the declaration and the proofs. I do not see by what authority, the Judge could either amend, or consider as amended at the circuit, a matter of this kind. Suppose the action had been on a special agreement, resting in parol, and on the trial, the agreement sworn to by the witness, was in one or more particulars, fatally variant from the one set out in the declaration—would it do, upon the ground of mistake in the draftsman of the declaration, in relation to what his client or the witness told him of the particulars of the agreement, to consider the declaration as amended or rather *altered* so as to meet the proof ?—or would it do to go on with the trial upon the presumption that the court at bar, will give leave to amend after verdict? I should think not. And yet that may be as pure a matter of mistake in the pleader, as the misrecital of a statute, or the misnomer of a commissioner. Such a course would be, to try a cause upon one issue, and give judgment upon another.

It is unnecessary, however, to pursue this subject, after what was said by the late Chief Justice, who delivered the opinion of the whole court, in the case of *Den* v. *Hull*, 4 *Halst. R.* 277, and in which I entirely concur. But although the Judge has no power to order amendments at the circuit, it does not follow that he ought to non-suit the plaintiff, for every variance between the record, and the proofs or documents given in evidence on the trial. A mere slip of the pen ; a mistake of a clerk in copying, and which appears on the face of the record itself to be a mistake, such as a wrong name or date, where the true name or date appears on other parts of the record, ought to be overlooked at the trial, and the party be permitted to apply at bar, for leave to amend by the writ, or the pleadings on file. *Sayer* v. *Pocock*, *Cowper*, 407 ; *Grundy* v. *Mell*, 4 *Bos. and Pul.* 28 ; 2 *Archb. Pr.* 239 ; *Shepley* v. *Marsh*, 2 *Str.* 1131 ; *Leeman* v. *Allen*, 2 *Wils.* 160, are cases illustrating my mean-

ing in this respect. But the case before us, is not one of that kind. Here is no variance between the issue roll or pleadings on file, and the *nisi prius* record. The mistake or error is in the original declaration, and the non-suit was therefore properly granted. That being the case, can the court set it aside—reinstate the plaintiffs in court, and give them leave to amend? It was so done by this court, in the case of *Den* v. *Hull*, 4 *Halst.* 277, already cited; and in the case of *Den* v. *Franklin et al.* 2 *South.* 851, the same thing was done, in effect. I do not consider these decisions, however, as establishing the broad principle that in every case, after the plaintiff has been properly non-suited at the circuit, he may have the non-suit set aside, and be permitted to amend, or alter his declaration, and have a second trial. On the contrary, when the plaintiff has failed to make out his case, for want of sufficient proof, whether that result was owing to his negligence, or a real inability to prove his case as laid, I think the non-suit, or verdict, if one has passed for the defendant, ought not to be set aside, to give the plaintiff a second chance. This would be to suffer a party to try experiments, and speculate upon the opinion of the court, and the evidence in the cause. But where, as in the case of *Den* v. *Hull*, there has manifestly been a mistake in preparing the circuit record, or where as in the present case, an error has occurred in the pleadings, by inserting a wrong name or date, it would be a reproach to the administration of justice, to turn a party out of court, and drive him to a new action. Upon the authority of the case of *Den* v. *Hull* in this court, and the cases there cited, and of others that might be enumerated, I am of opinion, that the non-suit should be set aside, and the plaintiffs have liberty to amend, in the manner specified by them, on payment of costs of the circuit; and in case the defendants shall amend or alter their plea, after the declaration has been amended, then, on payment of costs of putting in the original pleas.

FORD and RYERSON, Justices, concurred.